UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:20-cr-344-SEB-MJD |
| | ) | |
| DANIEL R. FRUITS, | ) | **FILED** |
| a/k/a "Daniel R. Fruits II, | ) | |
| a/k/a "Dan R. Fruits," | ) | DEC 1 1 2020 |
| a/k/a "Dan R. Fruits II," | ) | |
| | ) | U.S. CLERK'S OFFICE |
| Defendant. | ) | EVANSVILLE, INDIANA |

## INDICTMENT

The grand jury charges that:

1.   At times material to all Counts of this Indictment, DANIEL R. FRUITS, a/k/a "Daniel R. Fruits II," a/k/a "Dan R. Fruits," a/k/a "Dan R. Fruits II," the defendant herein, was a resident of Greenwood, Indiana, which is in the Southern District of Indiana.

### SCHEME 1
### Counts 1-10, Wire Fraud, 18 U.S.C. § 1343
### Counts 11-16, Money Laundering, 18 U.S.C. § 1957

### Background

2.   The Kloiber family, of Lexington, Kentucky, owned and invested in businesses.   It did so with money held in the Daniel Kloiber Dynasty Trust, and two companies held within the Trust, Kloiber Holdings LLC, which owned businesses the family invested in, and Kloiber Investments LLC, which made capital investments in the business.

1

3.      David Kloiber was a member of the Kloiber family, the son of Daniel Kloiber, and a beneficiary of the Daniel Kloiber Dynasty Trust.   David Kloiber helped manage the family's investments, including through a company he operated called Kloiber Management Services LLC.

4.      The Kloiber family had previously invested in a long-haul trucking company.   In 2014, David Kloiber and the Kloiber family became interested in founding and investing in a long-haul trucking company of their own.   In or before October 2014, David Kloiber, through Kloiber Management Services, LLC, began working with FRUITS as a consultant to assist with that effort.

5.      On or about January 5, 2015, Secure Transit, LLC ("Secure Transit"), was formed and was headquartered in Greenwood, Indiana.   The company was owned by Kloiber Holdings, LLC, and managed by Kloiber Management Services, LLC.   On or about the same date, Kloiber Management Services, LLC, on behalf of Secure Transit, hired FRUITS as an independent contractor of Secure Transit to assist with the start-up and operation of the new trucking company.

6.      Over the next four-and-a-half years, until on or about June 21, 2019, FRUITS ran, and purported to run, Secure Transit's operations.   He eventually became an employee of Secure Transit, and in or around March 2017, the Kloiber family granted him a 10% ownership stake in Secure Transit.   FRUITS's job duties included purchasing and maintaining trucks and trailers, hiring and paying drivers, securing trucking contracts with customers, preparing financial statements showing past performance, and preparing financial projections showing future earnings over a period of time or associated with a specific customer relationship.   FRUITS was authorized to use Secure Transit funds for company expenses, and he was authorized to pay himself a salary.

7.      FRUITS (in Indiana) communicated regularly with David Kloiber (in Kentucky) about Secure Transit's operations, often by email (wire communications).   He also communicated

about Secure Transit to a lesser extent with other members of the Kloiber family, including Daniel Kloiber.

8.   The Kloiber family invested money in Secure Transit, typically through its investment company, Kloiber Investments LLC.   Between Secure Transit's founding on or about January 5, 2015 until approximately June 21, 2019, the Kloiber family, through Kloiber Investments LLC, made 16 investments in Secure Transit totaling $14,295,000, as follows:

| Approximate Date of Kloiber Investment | Amount |
|---|---|
| January 7, 2015 | $50,000.00 |
| February 9, 2015 | $300,000.00 |
| April 6, 2015 | $45,000.00 |
| April 28, 2015 | $150,000.00 |
| July 14, 2015 | $35,000.00 |
| January 20, 2016 | $200,000.00 |
| July 22, 2016 | $100,000.00 |
| August 2, 2016 | $1,300,000.00 |
| November 23, 2016 | $405,000.00 |
| March 9, 2017 | $560,000.00 |
| March 16, 2017 | $4,200,000.00 |
| June 15, 2017 | $750,000.00 |
| September 22, 2017 | $2,000,000.00 |
| December 19, 2017 | $1,000,000.00 |
| January 12, 2018 | $1,700,000.00 |
| May 23, 2019 | $1,500,000.00 |
| **Total** | **$14,295,000.00** |

9.   On or about June 21, 2019, FRUITS's employment with Secure Transit was terminated.

### Overview of the Scheme to Defraud

10.     Beginning on or before February 16, 2015, the exact date being unknown to the grand jury, and continuing until on or about June 21, 2019 (the "relevant time period"), in the Southern District of Indiana and elsewhere,

**DANIEL R. FRUITS,**
**a/k/a "Daniel R. Fruits II,"**
**a/k/a "Dan R. Fruits,"**
**a/k/a "Dan R. Fruits II,"**

the defendant herein, did knowingly and with intent to defraud, devise and attempt to devise a scheme and artifice to defraud David Kloiber, Daniel Kloiber, the Daniel Kloiber Dynasty Trust, Kloiber Holdings LLC, and Kloiber Investments LLC, and to obtain money and property from such individuals and entities by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made.

11.     To carry out the scheme, and to induce David Kloiber and Kloiber Investments LLC to make investments in Secure Transit, FRUITS made materially false and fraudulent statements and representations to David Kloiber and others regarding Secure Transit's financial condition, its operations, and how the money that the Kloiber family invested would be, and was, used.

12.     The purpose of the scheme was for FRUITS to unlawfully enrich himself.   As a result of the scheme, FRUITS used Secure Transit funds, including funds that Kloiber Investments LLC invested in Secure Transit, for FRUITS's own personal purchases and payments, including but not limited to purchases of or payments for real estate, construction and renovation, farm equipment, horses, a horse trailer, vehicles, jewelry, firearms, private plane flights, and escort services.

**Description of the Scheme to Defraud**

***FRUITS Made Materially False and Misleading Statements and Representations***

13.     In furtherance of the scheme to defraud, on multiple occasions throughout the relevant time period, FRUITS made materially false and misleading statements and representations to David Kloiber and others concerning Secure Transit's financial condition, its operations, and the use of money invested by the Kloiber Investments.   For example:

a.     FRUITS sent David Kloiber emails containing documents and information that purported to show, among other things, Secure Transit's sales revenue and net income (i.e., sales revenue less expenses), including email communications FRUITS sent on or about January 8, 2016, March 7, 2017, May 10, 2018, March 11, 2019, and May 15, 2019. These communications were materially false and misleading because, as FRUITS well knew, they significantly overstated the company's actual sales revenue and net income.

b.     FRUITS sent David Kloiber emails containing documents that purported to be signed contracts with future Secure Transit customers, including "Ventana Medical Systems ('RTD')", "Sylvania/Valeo Lighting", "SAPA Group", and "Knauf Insulation". These communications were materially false and misleading because, as FRUITS well knew, those companies did not enter those contracts and were not customers of Secure Transit.

c.     FRUITS sent David Kloiber emails containing documents and information that purported to show past sales figures and future sales projections and capital needs relating to specific customers, including "Ventana Medical Systems ('RTD')", "Sylvania/Valeo Lighting", "SAPA Group", and "Knauf Insulation".   These communications were materially false and misleading because, as FRUITS well knew,

those companies were not customers of Secure Transit and Secure Transit did not receive revenue from them.

     d.     FRUITS sent David Kloiber an email on or about May 3, 2019, containing a document that purported to be a letter from Accountant 1, along with purported income statements and balance sheets for Secure Transit for 2016, 2017, and 2018.

     i.     The purported income statements for 2016, 2017, and 2018 showed the following sales and net income figures, which substantially matched the figures that FRUITS had previously provided to David Kloiber: for 2016, approximately $3.8 million in sales and $1 million in net income; for 2017, approximately $27.3 million in sales and $7.3 million in net income; and for 2018, approximately $107.5 million in sales and $34.8 million in net income. As described above, these statements were materially false and misleading because, as FRUITS well knew, they significantly overstated the sales and net income of Secure Transit.

     ii.     The purported letter from Accountant 1, which purportedly bears Accountant 1's signature and to which the income statements were attached, stated in part:

> We have completed a review of the financial statements, bank accounts, accounts receivable, and accounts payable. We were required to perform a review to verify the accuracy and completeness of the information provided by management. This review involved interviews with executives, management, and employees; as well as, reviews of various accounting practices within the organization and the accounting system, bank statements, loans and lease contracts, and lastly, customer contracts.
>
> Our professional opinion and conclusion based on the financial review performed, the financial statements attached are accurate. The organization is operating efficiently, growing, financially stable, cash flows, and is positioned well for continued exponential growth.

This letter was materially false and misleading because, as FRUITS well knew, Accountant 1 never conducted such a review of Secure Transit's financial statements or financial condition, nor did Accountant 1 write or sign the letter itself.

### *False and Misleading Statements Induced Kloiber Investments*

14. FRUITS's materially false and misleading statements and representations regarding Secure Transit's financial condition and its operations caused David Kloiber and Kloiber Investments LLC to make repeated investments of money in Secure Transit, which were made by wire transfers of funds from bank accounts of Kloiber Investments LLC to bank accounts of Secure Transit. The size of these investments grew over time, as FRUITS provided David Kloiber and others with financial statements and other documentation that showed increasing revenues and profits and opportunities for future growth.

15. In some instances, FRUITS's false and misleading statements and representations took the form of specific requests for funds to be invested and used for specific purposes. For example:

    a. On or about March 30, 2015, FRUITS sent David Kloiber an email stating "we will definitely need operating funds somewhere between the 10th and 15th of April. I think 45 to 48K will provide us 28 to 30 days of float while we await Ventana/Roche payments." As described above, this statement was materially false and misleading because, as FRUITS well knew, "Ventana/Roche" was not a customer of Secure Transit. In reliance of FRUITS's statements, though, on or about April 6, 2015, Secure Transit's account received a transfer from Kloiber Investments LLC in the amount of $45,000.00.

    b. In or around late April 2015, FRUITS exchanged emails with David Kloiber regarding an investment related to trucking services for "Sylvania/Valeo Lighting".

FRUITS proposed an investment of approximately $107,000 and included projected sales figures. David Kloiber recommended a $150,000 investment but required FRUITS to first obtain a signed contract. On or about April 27, 2015, FRUITS emailed David Kloiber a document that purported to be a signed contract between Secure Transit and "Sylvania/Valeo Lighting". As described above, FRUITS's emails and the purported contract are materially false and misleading because, as FRUITS well knew, "Sylvania/Valeo Lighting" did not sign that contract and was not a customer of Secure Transit. In reliance of FRUITS's statements, though, on or about April 28, 2015, Secure Transit's account received a transfer from Kloiber Investments LLC in the amount of $150,000.00.

      c.    In or around early March 2017, FRUITS exchanged multiple emails with David Kloiber regarding purported future Secure Transit customers, "SAPA Group" and "Knauf Insulation," and what FRUITS described as "capital needs" of $4,480,000 to service those customers as well as purportedly to continue to service "Ventana Medical Systems." FRUITS provided purported projected sales figures for "SAPA Group" and "Knauf Insulation," and eventually sent documents purporting to be signed contracts with those companies. As described above, these statements and documents were materially false and misleading because, as FRUITS well knew, "Ventana Medical Systems," "SAPA Group," and "Knauf Insulation" had not signed contracts with Secure Transit and were not customers of Secure Transit. In reliance of FRUITS's statements, though, on or about March 9, 2017, Secure Transit's account received a wire transfer from Kloiber Investments LLC in the amount of $560,000.00, and on or about March 16, 2017, Secure Transit's

account received a wire transfer from Kloiber Investments LLC in the amount of $4,200,000.00.

    d.     In or around May 2019, FRUITS exchanged multiple emails with David Kloiber regarding Secure Transit's financial condition, including the purported financial statements and letter from Accountant 1 discussed above, and future sales projections for Secure Transit. Then, on or about May 21, 2019, FRUITS emailed David Kloiber a request for a short-term investment of $1.45 million in Secure Transit to pay deposits towards the purchase of 145 new trucks. This request was materially false and misleading because, as FRUITS well knew, he intended to use a portion of those funds for personal purchases and payments. In reliance of FRUITS's statements, though, on or about May 23, 2019, Secure Transit's account received a wire transfer from Kloiber Investments LLC in the amount of $1,500,000.00.

### *FRUITS's Personal Use of Kloiber Investments and Secure Transit Funds*

16.    Throughout the relevant time period, FRUITS, without authorization, used funds from Secure Transit's accounts to make personal purchases and payments. FRUITS did not disclose to David Kloiber or the Kloiber family his use of Secure Transit funds for significant personal purchases and payments, and the Secure Transit financial statements that FRUITS provided to David Kloiber did not reference such personal purchases and payments.

17.    The funds that FRUITS used for personal purchases and payments included those that Kloiber Investments LLC wired into Secure Transit accounts as investments in Secure Transit's business, which as described above, were induced by FRUITS's materially false and misleading representations. For example:

a.      FRUITS used a portion of the $560,000 and $4,200,000 invested by Kloiber Investments LLC in March of 2017, which as described above was purportedly for trucking services for "Ventana Medical Systems," "SAPA Group," and "Knauf Insulation", to make the following personal purchases or payments, among others:

| Approximate Amount | Good or Service Purchased or Paid For |
|---|---|
| $880,000 | Real Estate (6417 & 6555 W Stones Crossing Road, Greenwood, Indiana) |
| $559,000 | 2016 Renegade Ikon RV, and Cargo Mate trailer |
| $111,000 | 2016 Chevrolet Corvette |
| $90,000 | Three Rolex Watches |
| $62,000 | Various Pieces of Farm Equipment |
| $36,000 | 2014 Dodge Ram 1500 Truck |
| $20,000 | 2016 Polaris RZR XP 1000 off-road recreational vehicle |
| $20,000 | 2015 Infiniti QX80 luxury sports utility vehicle |

b.      FRUITS used a portion of the $2,000,000 invested by Kloiber Investments LLC on or about September 22, 2017, which was purportedly for "expansion" for customer "Exlabesa", to make the following personal purchases or payments, among others:

| Approximate Amount | Good or Service Purchased or Paid For |
|---|---|
| $30,000 | Rolex Watch |
| $25,000 | Construction of Pole Barn at 6555 W Stones Crossing Road |
| $13,000 | Various Pieces of Farm Equipment |

c.      FRUITS used a portion of the $1,500,000 invested by Kloiber Investments LLC on or about May 15, 2019, which was purportedly for deposits towards the purchase of 145 new trucks, to make the following personal purchases or payments, among others:

| Approximate Amount | Good or Service Purchased or Paid For |
| --- | --- |
| $55,000 | Horse |
| $33,000 | Seven-Horse 2011 Shadow Mountain Horse Trailer |
| $33,000 | 2015 Infiniti QX80 luxury sports utility vehicle |
| $28,000 | Private Plane Flight |
| $27,000 | 2019 Jeep Grand Cherokee |
| $23,000 | 2008 Ferrari F430 Spider<br>2018 Ferrari GTC4 Lusso |
| $16,000 | Escort 2 |
| $14,000 | Escort 3 |
| $12,000 | 2017 Can-Am Maverick X3 Side-by-Side Off-Road Recreational Vehicle |

18.      In addition, FRUITS used the real estate he purchased with Kloiber Investments LLC funds (6417 & 6555 W Stones Crossing Road, Greenwood, Indiana) as collateral for two loans and a home equity line of credit.   He then used a portion of the proceeds of these loans and the line of credit to make still more personal purchases or payments, including for renovations and pool installation at his personal residence (6555 W Stones Crossing Road), renovations at his horse farm property called "Travis Creek Stables" (6417 W Stones Crossing Road), a Rolex watch, and escort services from Escort 1.

**Interstate Wire Communications**

19.      Throughout the relevant time period, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, FRUITS did knowingly cause interstate wire communications to take place, including the email communications between FRUITS and David Kloiber and wire transfers of funds from bank accounts of Kloiber Investments, LLC, to bank accounts of Secure Transit, LLC, in each of Counts 1 through 10 listed below:

11

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 1 | January 8, 2016 | Email from FRUITS to David Kloiber attaching purported Secure Transit financial statements for 2015 |
| 2 | March 7, 2017 | Email from FRUITS to David Kloiber attaching purported Secure Transit financial statements for 2016 |
| 3 | March 9, 2017 | Email from FRUITS to David Kloiber attaching purported contracts with and sales projections "SAPA Group" and "Knauf Insulation" |
| 4 | March 9, 2017 | Wire transfer of $560,000.00 from bank account of Kloiber Investments LLC to bank account of Secure Transit LLC |
| 5 | March 16, 2017 | Wire transfer of $4,200,000.00 from bank account of Kloiber Investments LLC to bank account of Secure Transit LLC |
| 6 | May 10, 2018 | Email from FRUITS to David Kloiber attaching purported Secure Transit financial statements for 2017 |
| 7 | March 11, 2019 | Email from FRUITS to David Kloiber attaching purported Secure Transit Financial statements for 2018 |
| 8 | May 3, 2019 | Email from FRUITS to David Kloiber attaching purported letter from Accountant 1 and Secure Transit financial statements for 2016, 2017, and 2018 |
| 9 | May 15, 2019 | Email from FRUITS to David Kloiber attaching Secure Transit financial statements for first quarter of 2019 |
| 10 | May 23, 2019 | Wire transfer of $1,500,000.00 from bank account of Kloiber Investments LLC to bank account of Secure Transit LLC |

Each of which is in violation of Title 18, United States Code, Section 1343.

**Money Laundering Transactions**

20.     On or about the dates in each of Counts 11 through 16 listed below, within the Southern District of Indiana and elsewhere,

**DANIEL R. FRUITS,**
a/k/a "Daniel R. Fruits II,"
a/k/a "Dan R. Fruits,"
a/k/a "Dan R. Fruits II,"

the defendant herein, did knowingly engage and attempt to engage in monetary transactions, including those in of Counts 11 through 16 listed below, by, through, or to a financial institution,

12

affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 through 10 herein:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 11 | March 27, 2017 | Purchase of cashier's check in the amount of $559,270.00 from a bank account of Secure Transit made payable to M&K Truck Sales for purchase of 2016 Renegade Ikon RV, VIN 4V5NC9KL2GN962094, and Cargo Mate trailer, VIN 5NHUELF35EN082207 |
| 12 | March 31, 2017 | Wire transfer of $829,265.88 from a bank account of FRUITS to Chicago Title Insurance Company for purchase of real estate (6417 & 6555 W Stones Crossing Road, Greenwood, Indiana) |
| 13 | September 28, 2017 | Purchase of cashier's check in the amount of $29,634.00 from a bank account of Secure Transit made payable to Reis Nichols Jewelers for the purchase of a Rolex watch |
| 14 | May 24, 2019 | Wire transfer of $23,189.00 from a bank account of Secure Transit to a bank account of Ferrari Financial Services to make payments on loans relating to 2008 Ferrari F430 Spider, VIN ZFFEW59A080159143, and a 2018 Ferrari GTC4 Lusso, VIN ZFF82YNA6J0237852 |
| 15 | June 10, 2019 | Purchase of cashier's check in the amount of $16,000.00 from a bank account of Secure Transit made payable to Escort 2 |
| 16 | June 13, 2019 | Purchase of cashier's check in the amount of $55,000.00 from a bank account of Travis Creek Stables made payable to A.K. for purchase of a show horse named "Practically Perfect in Every Way," register or tattoo number149055 |

Each of which is a violation of Title 18, United States Code, Section 1957.

## SCHEME 2
### Counts 17-18, False Statements to Federally Insured Bank, 18 U.S.C. § 1014

21.     On or about the dates in each of Counts 17 through 18 listed below, within the

Southern District of Indiana and elsewhere,

**DANIEL R. FRUITS,**
**a/k/a "Daniel R. Fruits II,"**
**a/k/a "Dan R. Fruits,"**
**a/k/a "Dan R. Fruits II,"**

the defendant herein, knowingly made false statements, as described in each of Counts 17 through

18 listed below, for the purpose of influencing in any way the action of Fifth Third Bank, an

institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in

connection with an application for a mortgage loan of $432,000.00:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 17 | November 13, 2018 | Email from FRUITS to Fifth Third Bank representative, attaching purported letter from a Lake City Bank representative stating three loans had been paid off on September 14, 2018, which was false and misleading because, as FRUITS well knew, no Lake City Bank representative created or signed the letter and the three loans had not in fact been paid off on September 14, 2018. |
| 18 | December 31, 2018 | Email from FRUITS to Fifth Third Bank representative, attaching purported account statement from Lake City Bank account xxxxxx5544 dated December 30, 2018, purportedly showing two payments to pay off Lake City Bank loans on December 24, 2018, which was false and misleading because, as FRUITS well knew, the document was an altered account statement from Lake City Bank account xxxxxx5544, and only one of the two loans had in fact been paid off on December 24, 2018. |

14

**SCHEME 3**
**Count 19, Mail Fraud, 18 U.S.C. § 1341**

**Background**

22.     Ally Financial Inc. ("Ally Financial") is a financial institution that, among other things, provides financing for purchases of motor vehicles.

23.     On or about February 19, 2018, FRUITS purchased a 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975, in the name of Secure Transit, LLC, for approximately $69,252.04.   The purchase of the vehicle was financed with a loan by Ally Financial, and the loan was secured by the vehicle as collateral for the loan.

24.     On or about February 19, 2018, the Indiana Bureau of Motor Vehicles issued title to the vehicle in the name of Secure Transit, LLC, with the first lienholder listed as Ally Financial.

**The Scheme to Defraud**

25.     On or before December 26, 2018, in the Southern District of Indiana,

**DANIEL R. FRUITS,**
**a/k/a "Daniel R. Fruits II,"**
**a/k/a "Dan R. Fruits,"**
**a/k/a "Dan R. Fruits II,"**

the defendant herein, did knowingly and with intent to defraud, devise a scheme and artifice to defraud Ally Financial, and to obtain money and property from Ally Financial, by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made.

26.     The purpose of the scheme to defraud was to cause the Indiana Bureau of Motor Vehicles to remove Ally Financial as the first lienholder on the title of the 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975, which enabled FRUITS to sell the vehicle and avoid repaying in full the loan from Ally Financial that was secured by the vehicle.

## Description of the Scheme to Defraud

27.     In furtherance of the scheme to defraud, on or about December 26, 2018, FRUITS submitted to the Indiana Bureau of Motor Vehicles on behalf of Secure Transit, LLC, an Application for Certificate of Title for a Vehicle, for the 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975, purportedly to obtain a new vehicle title following a "lien release" by the first lienholder.  FRUITS signed the Application under the words, "I swear and affirm that the information that I have entered on this form is correct.   I understand that making a false statement on this may constitute the crime of perjury."

28.     FRUITS included with the Application a purported letter from Ally Financial, dated December 17, 2018, on letterhead stating "Ally Auto," and purportedly signed by a representative of Ally Financial.  The "Subject" of the letter was "Title to VIN 1GT12UEY7JF189975    2018 GMC Sierra 2500."  The letter stated, in part: "Congratulations on paying off your auto account #611925457670.  Please let this letter serve as a formal notice of lien release from Ally Auto."

29.     The Application and purported letter from Ally Financial were materially false and misleading because, as FRUITS well knew, Ally Financial had not released its lien on the vehicle, the loan for the vehicle had not been repaid in full, and neither Ally Financial nor its representative wrote or signed such a letter.

30.     FRUITS's submission of the materially false and misleading Application and purported letter caused the Indiana Bureau of Motor Vehicles to issue a new title for the 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975, in the name of Secure Transit, LLC, that did not contain Ally Financial as the first lienholder on the vehicle.

31.     Then, on or about January 2, 2019, FRUITS sold the 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975 to CarMax and received a check from CarMax in the amount

of $48,000.00, which FRUITS deposited into a Secure Transit bank account, of which approximately $21,000 was used on or about January 3, 2019 to pay off a consumer loan in the name of "Dan R. Fruits."

### Use of Mails

32.     On or about December 26, 2018, in the Southern District of Indiana, FRUITS, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, did knowingly cause the vehicle title for the 2018 GMC Sierra 2500 Denali, VIN 1GT12UEY7JF189975, to be sent through the United States Mails to Secure Transit LLC, 457 Knight Drive, Ste 101, Greenwood, IN 46142-9372.

All of which is in violation of Title 18, United States Code, Section 1341.

## FORFEITURE

33.     The allegations contained in Counts 1 through 16 and Count 19 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c).

34.     Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c), upon conviction of a violation of the offenses in Title 18, United States Code, Sections 1343 and 1957 set forth in Counts 1 through 16 of this Indictment, and in Title 18, United States Code, Section 1341 set forth in Count 19 of this Indictment

**DANIEL R. FRUITS,**
**a/k/a "Daniel R. Fruits II,"**
**a/k/a "Dan R. Fruits,"**
**a/k/a "Dan R. Fruits II,"**

the defendant herein, shall forfeit to the United States of America:

      a.     any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; or

      b.     a sum of money equal to the total amount of the proceeds of the offenses.

35.     The property subject to forfeiture includes but is not necessarily limited to the following:

| No. | Type | Description |
|-----|------|-------------|
| 1 | Real Estate | Real Property at 6555 W Stones Crossing Road, Greenwood, Indiana 46143, also known as Travis Creek Stables<br>Asset Identification Number:    20-FBI-005967 |
| 2 | Real Estate | Real Property at 6417 W Stones Crossing Road, Greenwood, Indiana 46143<br>Asset Identification Number:  20-FBI-005966 |

| No. | Type | Description |
|-----|------|-------------|
| 3 | Horse | Show horse named Practically Perfect in Every Way, register or tattoo number149055<br>Asset Identification Number: 20-FBI-005968 |
| 4 | Vehicle | 2011 Shadow Mountain Horse Trailer, VIN 1S9GS4121BW873473<br>Asset Identification Number: 20-FBI-005958 |
| 5 | Vehicle | 2019 Dodge Ram 1500, VIN 1C6SRFKT5KN510284<br>Asset Identification Number:    20-FBI-005959 |
| 6 | Vehicle | 2019 Ford F350 Super Duty, VIN 1FT8W3DTXKEF64316<br>Asset Identification Number:    20-FBI-005960 |
| 7 | Bicycle | 2020 Roubaix SW Di2, Serial WSBC604492004N<br>Asset Identification Number: 20-FBI-005969 |
| 8 | Bicycle | 2020 Epic S-Works AXS, Serial WSBC604243319P |
| 9 | Jewelry | Rolex Wristwatch – SN 87X9U566 |
| 10 | Jewelry | Rolex Wristwatch – SN 1X856448 |
| 11 | Jewelry | Rolex Wristwatch – SN P95X6598 |
| 12 | Jewelry | Tag Hauer Wristwatch – SN WPS9591 |
| 13 | Jewelry | Rolex Wristwatch – SN MA977584 |
| 14 | Jewelry | Diamond Bracelet – SN ARZ57443 |
| 15 | Jewelry | Breitling Wristwatch – SN 3218864 |
| 16 | Jewelry | Tag Hauer Wristwatch – SN RQU4611 |
| 17 | Jewelry | Tag Hauer Wristwatch – SN WWH4207 |
| 18 | Jewelry | Rolex Yacht Master Wristwatch – SN 1D84R606 |
| 19 | Farm Equipment | 2017 Frontier Rotary Tiller – SN 1XFRT11XAHH171348 |
| 20 | Farm Equipment | 2017 Frontier Mower-Rear Chain – SN 1XFGM21XHH0337508<br>Asset Identification Number:    20-FBI-005964 |
| 21 | Farm Equipment | 2017 John Deere x739 (Tractor) – SN 1M0X739APHM050554 |
| 22 | Farm Equipment | 2017 John Deere 60HC (Mower Deck) – SN 1M060HCXKHM053840 |
| 23 | Farm Equipment | 2016 John Deere H180X Std Loader – SN 1P0H180XAGD011790 |

| No. | Type | Description |
|-----|------|-------------|
| 24 | Farm Equipment | 2017 John Deere GM1084 Rear Grooming Mower – SN 1XFGM10XTH0004001 |
| 25 | Farm Equipment | 2017 Frontier Post Hole Digger – SN 1XFPHD0XCG0332738 |
| 26 | Farm Equipment | 2015 John Deere Tractor – SN 1LV5115MAFS744228 |
| 27 | Farm Equipment | 2017 John Deere Farm Loader – SN 1P0H240XPFD019921 |
| 28 | Farm Equipment | 2017 Frontier Fixed Palletfrk Global Carrier – SN 1XFAP12GTH0015641 |
| 29 | Farm Equipment | 2017 Frontier Gbl Ldr – 1XFAY12GTG0000245 |
| 30 | Farm Equipment | 2017 John Deere Lift-Type Rotary Cutter – 1P00MX6CCHP068863 |
| 31 | Farm Equipment | 2017 John Deere TX 4x2 (Gator) – 1M04X2XDLHM121335 |
| 32 | Farm Equipment | 2013 John Deere 4x2 (Gator) – 1M04X2XDJDM081620 |
| 33 | Firearm | Sig Sauer Inc P226 Tac Op - SN 47A136823 |
| 34 | Firearm | Sig Sauer Inc P226 Legion - SN 47A138098 |
| 35 | Firearm | Sig Sauer Inc P229 Legion - SN 55B043777 |
| 36 | Firearm | Kimber Solo CDP - SN S1172895 |
| 37 | Firearm | Magnum Research Desert Eagle - SN DK0027890 |
| 38 | Firearm | FWS 40 - SN GK00062969 |
| 39 | Firearm | KRISS Model Vector Pistol - SN 45P006839 |
| 40 | Firearm | Sig Sauer Inc Model RMCX 16B Rifle - SN 63C012849 |
| 41 | Firearm | FNH (Fabrique Nationale Herstal) Model FNX-9 Pistol - SN FX1U053365 |
| 42 | Firearm | Kimber custom II Pistol - SN K509337 |

36.    If any of the property described above, as a result of any act or omission of the

defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

37.      In keeping with the foregoing, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of all forfeitable property as described above.

All of which is pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

JOHN E. CHILDRESS
Acting United States Attorney

By: _____
Nicholas J. Linder
Assistant United States Attorney

21